IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Thornley, | ) | Case No.: 4:24-cv-02294-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Excalibur Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 48), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Defendant Excalibur Associates, Inc.'s ("Excalibur" or "Defendant") Motion to Dismiss (DE 9) for lack of personal jurisdiction and Plaintiff Robert Thornley's ("Thornley" or "Plaintiff") Motion to Transfer (DE 15).[1]

**A. Background**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary taken as true from the Complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendant provides security services for government agencies and private companies. (DE 1, ¶ 1.) Plaintiff began working for Defendant as a National Director of Training on January 1, 2021, and he worked on various projects during his employment. (*Id.* ¶¶ 2-5.) On April 1, 2022, Plaintiff sustained injuries because of a motor vehicle collision with a tractor-trailer with a second impact from another motor vehicle. (*Id.* ¶ 6.) That day, Plaintiff notified his manager, Leo Runnels, Director of Operations and Training, Edward McDonald, Chief Executive Officer, and Carrie McCoy, Vice President of Human Relations, of the accident via text messaging which included pictures of the accident and Plaintiff's anticipated work absence pending physician consultation. (*Id.* ¶ 7.)

On April 2, 2022, Plaintiff visited the Emergency Department at McLeod Regional Medical Center, where he was diagnosed with a severe concussion and directed to follow up with Dr. Chadley Runyun at Florence Neurosurgery and Spine. (*Id.* ¶ 8.) On April 6, 2022, Plaintiff consulted Dr. Runyun, who took Plaintiff out of work and stated that he should remain out of work until his next follow-up appointment. (*Id.* ¶ 10.) Plaintiff forwarded D. Runyun's work restrictions to McCoy, who approved Plaintiff's FMLA leave. (DE 1, ¶¶ 9-10.) On April 18, 2022, Plaintiff returned for his follow-up appointment with Dr. Runyan, who continued Plaintiff's out-of-work restrictions, and Plaintiff forwarded those restrictions to McCoy. Plaintiff also discussed with McCoy using his earned paid leave and FMLA leave. (*Id.* ¶ 11.)

On April 27, 2022, McCoy sent Plaintiff a text message requesting to speak with Plaintiff about his continued employment with Defendant. Plaintiff called

McCoy, and she gave him two options: (1) resign with two weeks of severance pay or (2) termination for nonspecific "performance" reasons. (DE 1 ¶ 13.) That same day, McCoy emailed Plaintiff a letter in which she stated, among other things,

> [that Plaintiff was] 'failing to meet your Project Manager duties' and '[y]our recent absence has further revealed the significant degree of performance failure as well as the damage and potential damage caused by inaccurate/false/absence of reporting on critical key data requirements.'

(DE 1, ¶ 13.) The letter offered two weeks severance or continued medical insurance in exchange for Plaintiff's resignation "[d]ue to the company's significant investment in you and the substantial costs to rectify the damages resulting from your performance issues[.]" (*Id.*)

On April 29, 2022, Plaintiff emailed McCoy and declined to resign and requested a "detailed accounting of all alleged 'performance issues' and their alleged 'damages.'" (*Id.* ¶ 14.) On May 5, 2022, Plaintiff received a letter from McDonald terminating his employment and setting forth performance issues supporting the termination. (*Id.* ¶ 15.) On April 22, 2024, Plaintiff filed the present complaint. (DE 1.)

### B. Report and Recommendation

On November 18, 2024, the Magistrate Judge issued the Report recommending that "Defendant's Motion to Dismiss (ECF No. 9) be denied, Plaintiff's Motion to Transfer (ECF No. 15) be granted, and this case be transferred to the United States District Court for the Northern District of Georgia." (DE 23.) The Report made these findings:

> Further, Plaintiff's presence in South Carolina was incidental to his job duties and was not required by Defendant. Even if Plaintiff did perform work for Defendant while in South Carolina, it is undisputed that Defendant was unaware he did so. Plaintiff's actions in South Carolina do not create jurisdiction here over the Defendant.
>
> \*\*\*
>
> Plaintiff does not argue in his response to Defendant's motion to dismiss that this court has personal jurisdiction over Defendant. He states that jurisdiction is proper in the United States District Court for the Northern District of Georgia, Gainesville Division, and he filed a separate motion to transfer the case to that district.
>
> \*\*\*
>
> As set forth above, Plaintiff brings this action pursuant to the FMLA. The statute of limitations for a violation of the FMLA is two years "after the date of the last event constituting the alleged violation for which the action is brought," unless the violation was willful, in which case the statute of limitations is three years. 29 U.S.C. § 2617 (c). As alleged in the complaint, Plaintiff was terminated from employment with Defendant on May 5, 2022. Compl. ¶ 15. He filed the present action on April 22, 2024. In the present case, transferring the matter and preserving the filing date is in the interest of justice, and, thus, it is recommended that this case be transferred to the [] United States District Court for the Northern District of Georgia.

(*Id.* at 9, 13-14.) On December 2, 2024, Defendant objected to the Report. (DE 25.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

4

the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Defendant's Objection

Defendant objects to the Report's finding about the interest of justice, stating,

> [i]t is Defendant's position that the fact that the statute of limitations may preclude Plaintiff from filing suit in an alternative jurisdiction if this suit is dismissed does not outweigh that it was entirely foreseeable to Plaintiff that this Court did not have personal jurisdiction over Defendant and Plaintiff's decision to file in this Court anyway was an obvious error.

(DE 25 at 2.) Defendant contends "there was no basis to believe that this Court has personal jurisdiction over Defendant, [and] Defendant has incurred unnecessary costs that could have been avoided if Plaintiff filed in a proper venue . . . ." (DE 25 at 3-4.) To that end, Defendant argues,

> [w]hile courts in the Fourth Circuit have determined that it is in the interest of justice to transfer a case where the statute of limitations may prevent a new suit in the proper forum, courts have also recognized that "[e]ven if Plaintiff is barred by the statute of limitations from refiling her claim against Defendant elsewhere…[d]ismissal of the case is permissible because 'the proper penalty for obvious mistakes that impose costs on opposing parties and on our judicial system is a heavy one.'" *Barbour v. Gorman*, 2013 WL 4052684, at *2 (D.Md. Aug. 9, 2013) (quoting *Nichols*, 991 F.2d at 1201).

(*Id.* at 3.) Although dismissal is a permissible remedy, the Report adeptly considered this option but declined to recommend it. Instead, the Report noted that,

> [n]umerous courts have determined that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the

5

> statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n. 7 (1965); *Robertson v. Northcutt*, 850 F.2d 690 (4th Cir. 1988) (table), No. 87–1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988) (noting that a majority of federal courts have recognized that it is in the interest of justice to transfer a case when refiling in the proper court would be time-barred) . . . .

(DE 23 at 13.) The Court is persuaded by this reasoning and sees no need to depart from it. Therefore, Defendant's challenge to the Report's finding that the interest of justice is served by transferring this case is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 23) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendant Excalibur Associates, Inc.'s Motion to Dismiss (DE 9) for lack of personal jurisdiction is denied, and Plaintiff Robert Thornley's Motion to Transfer (DE 15) is granted.

It is **ORDERED** that this case be transferred to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 13, 2025